GEORGE R. SMITH *vs.* ANSON K. WARNER.

Franklin. May 24. — June 26, 1882. ENDICOTT & LORD, JJ., absent.

A creditor of an insolvent debtor, who has a mortgage of real estate of the debtor as security for his claim, and who joins with the assignee in insolvency in making sale of the property, without the order of the judge of insolvency, cannot be allowed, under the Gen. Sts. c. 118, § 27, to prove the residue of his claim, after applying the proceeds of the sale.

APPEAL by George R. Smith from a decision of the Court of Insolvency, disallowing a claim against the estate of John Martin. The case was submitted to the Superior Court, and, after judgment for the appellee, to this court, on appeal, upon agreed facts, in substance as follows :

In 1880, John Martin was adjudged insolvent by the Court of Insolvency, on the petition of the appellant as trustee; the appellee was on the same day appointed assignee of the estate of said insolvent; and an assignment of said estate was duly made to him. At the time of said adjudication, Martin was indebted to the appellant as trustee, upon a promissory note secured by a mortgage of land in Deerfield. After the appointment of the assignee, he and the appellant agreed to join in making a sale of said land, and that the proceeds arising from the sale should be indorsed on said note. In pursuance of said agreement they advertised the land for sale in a newspaper published in Greenfield, as follows :

"Assignee's Sale.

"At the residence of John Martin, in Deerfield, on Tuesday, March 23, 1880, at 1 o'clock P. M., will be sold at public auction,

the homestead of about sixty acres, subject to incumbrance. Said farm is desirably located, and in good state of cultivation. Terms made known at the time of sale. A. K. Warner, assignee.

"And I, Geo. R. Smith, trustee, holding a second mortgage of the above-described property, will at the time and place above named sell all my right, title and interest in and to said property. Geo. R. Smith, trustee."

A sale of the same was made, the assignee acting as auctioneer, and he and the appellant executed to the highest bidder at the sale their several deeds of the same; and the appellant indorsed the amount of the proceeds of the sale upon said note; but there was no order of the judge of the Court of Insolvency as to said sale.

The appellant claimed the right to prove the balance of said note, and offered to prove the same against the estate of Martin at the second meeting of his creditors, and the assignee did not oppose the allowance of said claim ; but the judge of the Court of Insolvency, on the suggestion of the counsel for the debtor that the appellant had not complied with the provisions of the Gen. Sts. c. 118, § 27, disallowed the claim.

If the appellant was entitled to prove the balance of said note against the estate of Martin, judgment was to be entered in his favor ; otherwise, for the assignee.

*G. D. Williams*, for the appellant.

*F. G. Fessenden*, for the appellee.

C. ALLEN, J. If construed literally, the Gen. Sts. c. 118, § 27, do not allow proof of this claim. A creditor having security may make application for an order of sale, and the sale is to be made in such manner as the judge orders, and after such sale, and an application of the proceeds towards the payment of his debt, he shall be admitted as a creditor for the residue. The creditor contends that a broader construction may be given to the statute, and that he may be allowed to prove for the residue, after applying the proceeds of a sale made without an order of court, but with the concurrence of the assignee. But we do not think so. The statute provides a plain method of procedure, and we think it better to hold this prescribed method to be the exclusive one. The action of the assignee in joining in the sale

no doubt had the effect to give a good title to the purchaser, but is ineffectual in enabling the creditor to prove his claim. His agreement to allow the proof of a claim is of no significance, if the law does not allow such proof to be made. The statute might have provided that the value of the security should be determined in some other way than by a sale made under order of the court, as, for instance, by an agreement between the creditor and the assignee; but it has not done so. In other cases, it is provided by § 46 that the court may make an order concerning the time, place and manner of selling the property of the insolvent debtor; in this case, the statute provides that the sale shall be made in such manner as the judge orders, and that, if the property is not so sold, or released and delivered up to the assignee, the creditor shall not be allowed to prove any part of his debt. This implies that the judge is to fix, if he sees fit to do so, the time and place of the sale, the terms, whether on credit or for cash, the manner, whether by public auction or private sale, and the notice to be given. It has also been decided that the validity of the security held by the creditor must be determined before ordering a sale. *Day* v. *Lamb*, 6 Gray, 523. This court has also a general supervisory jurisdiction, to relieve a party aggrieved by a decision upon a petition for a sale. *Eastman* v. *Foster*, 8 Met. 19. *Barnard* v. *Eaton*, 2 Cush. 294. While there is no reason to doubt that the sale in the present case was conducted in good faith, and it is not found as a fact that the price realized was unreasonably small, we nevertheless find, in the meagreness of the notice which was given, an illustration of the reasons which might well lead the Legislature to require a judicial supervision of the sale. No mention was made, in the notice, of the amount of the first or second mortgage, the terms of the sale, or the situation of the property, or what buildings were upon it; and there was little to invite the attendance of any purchasers who were not already well acquainted with these particulars.      *Judgment affirmed.*