CHARLOTTE A. WASHBURN *vs.* EDWARD TISDALE, assignee.

Bristol. Oct. 27, 1886. — Jan. 10, 1887. DEVENS & W. ALLEN, JJ., absent.

A second mortgagee of land, who receives from the first mortgagee the surplus proceeds of a sale of the land made under a power in the first mortgage, which are not sufficient to satisfy his debt, is entitled to prove the balance of his claim against the estate in insolvency of the mortgagor, although the sale of the land is made after the first meeting of creditors.

APPEAL, by the assignee in insolvency of the estate of Duncan S. Elliott, from a decision of the Court of Insolvency allowing the claim of the plaintiff against said estate. Trial in the Superior Court, without a jury, before *Thompson,* J., who allowed a bill of exceptions, in substance as follows:

On July 16, 1868, Duncan S. Elliott executed a mortgage of his real estate to the Bristol County Savings Bank, to secure his promissory note of even date for the sum of $1700. This mortgage contained the usual power of sale.

On July 8, 1869, Elliott gave a second mortgage of the same real estate to the plaintiff, to secure a promissory note of even date for $1300. This mortgage contained a power of sale, and in the clause against incumbrances excepted the prior mortgage to said bank.

On February 20, 1885, a petition was filed in the Court of Insolvency by one of Elliott's creditors, to have him declared an insolvent debtor. Upon that petition the first publication of notice was on February 21, 1885. On March 18, 1885, Elliott was adjudged insolvent, and a warrant was issued. On April 10, 1885, the first meeting of creditors was held, and the defendant was duly chosen assignee, and an assignment of said debtor's estate was duly made to him, and recorded.

The bank never proved its claim in insolvency, but, proceeding under the power of sale in its mortgage, published according to law a notice of the foreclosure of the mortgage, and that the mortgaged premises would be sold by virtue of the power of sale on October 5, 1885. This notice was addressed to Duncan S. Elliott, to the plaintiff, and to all other persons interested in the mortgaged premises. No notice of the intended sale was given by the bank to the assignee or to the plaintiff, other than said published notice, and the plaintiff gave no notice of the sale to the assignee, and the defendant never knew of the sale until afterwards. In accordance with the notice, the bank sold the property under its power of sale, for the sum of $2150. The plaintiff was present at the sale by her agent, to see that the property was not sold for an inadequate price; and the property brought its fair market value.

The mortgage to the bank contained this clause in the power of sale: "rendering the surplus of the purchase money, if any there be, over and above the said sum and interest as aforesaid, together with a true and particular account of said sale and charges, to the said Duncan S. Elliott, the grantor, his heirs, executors, administrators, or assigns."

No account of the sale, or of the proceeds or payment of the proceeds, was ever given to the assignee by any one, until the presentation of the proof by the plaintiff. The bank accounted with the plaintiff for the proceeds of the sale, and, after deducting its claim, with the costs and charges of the sale, paid to her

the balance, $337.43. This amount she indorsed upon her note on October 20, 1885. After the payment of this amount to her, she presented her claim for the balance due on the note to the Court of Insolvency, which allowed the same at an adjourned third meeting, on February 12, 1886. The defendant asked the judge to rule, as matter of law, on the facts in evidence, that the plaintiff was not entitled to have her claim allowed. The judge so ruled, and found for the defendant; and the plaintiff alleged exceptions.

*Charles A. Reed & J. H. Dean*, for the plaintiff.

*H. K. Braley*, for the defendant.

FIELD, J.    The first mortgagee rightfully sold the mortgaged land, and conveyed it to the purchaser. The plaintiff's second mortgage was thereby converted into an equitable lien upon the proceeds of the sale, after the payment of the amount due under the first mortgage. The surplus, which amounted to $337.43, was rightfully paid to the plaintiff. While she held a mortgage upon the property of the insolvent debtor, she could proceed only in accordance with the Pub. Sts. c. 157, § 28, but her equitable lien upon the surplus of the proceeds of the sale while it was in the hands of the first mortgagee was not, we think, such a lien as is described in that section; and the provisions in the section for a sale of the property held as security, or the delivery of it to the assignee, are not applicable to an equitable right to receive or to recover this surplus. She has not disposed of any property of the debtor on which she held security, or of her security, in violation of that section, and her case is thus distinguishable from *Smith* v. *Warner*, 133 Mass. 71. She could not prevent the first mortgagee from selling the land, except by redeeming it from the first mortgage, and it was not her duty to do this. She was not required to prove her claim at the first meeting, or before she offered it for proof, and then she held no security. Her rights must be determined by those equitable considerations which have been acted upon in cases not within the statute; and we think that these require that she should be allowed to prove her debt, after deducting what she has received. *Wilson* v. *Bryant*, 134 Mass. 291. *Franklin County Bank* v. *Greenfield Bank*, 138 Mass. 515.

*Exceptions sustained.*