# CHARLESTON.

### PRICE v. HOSTERMAN LUMBER COMPANY.

Submitted February 28, 1911.    Decided November 28, 1911.

ASSIGNMENTS FOR BENEFIT OF CREDITORS—*Claims Provable—Secured Claims.*

Where a debtor makes a general assignment of all his property for the benefit of all his creditors, a secured creditor is entitled to prove and receive dividends upon the face of his claim as it stood at the time of the assignment, or declaration of insolvency, without crediting the value of his security or the proceeds of the sale thereof, made in a suit brought by the assignee to convene the creditors and wind up the affairs of the debtor's estate.   (p. 12).

Appeal from Circuit Court, Pocahontas County.

Suit by Andrew Price, trustee, against the Hosterman Lumber Company and others.   From the decree Uriah Hevener appeals.

*Reversed.*

*W. A. Bratton* and *F. R. Hill,* for appellant.

*Price, Osenton* N *Horan,* for appellee.

MILLER, JUDGE:

The point of the syllabus is fairly supported by our case of *Williams* v. *Overholt,* 46 W. Va. 340; but more particularly by *Merrill* v. *National Bank,* 173 U. S. 136; *Aldrich* v. *Chemical National Bank,* 176 U. S. 639; *Bank* v. *Armstrong,* 59 Fed. 380, 8 C. C. A. 163; *Bank* v. *Williamette, &c Co.,* 80 Fed. 227; *Doe* v. *N. W. Coal & Transp. Co.,* 78 Fed. 72; *Central Trust Co.* v.

*Richmond, &c. Co.,* 68 Fed. 99; *Bank* v. *Trigg,* 106 Va. 327, 56 S. E. 158.

Applying this rule of these cases to the case at bar the decree below, appealed from, in so far as it deprives the appellant Uriah Hevener, a vendor creditor, and a general creditor, of his right to share in the distribution of general fund belonging to the debtor's estate, on the basis of the entire debt proven and decreed in his favor, including his debt for purchase money, must be reversed, and corrected in accordance with the rule promulgated in the syllabus.

*Reversed.*

POFFENBARGER, JUDGE, *(dissenting):*

The rule applied here is purely technical and artificial, and wholly fails to produce an equitable result. For that reason, I am unable to agree to it. The authorities are divided upon the question and, in the federal supreme court, there was a division as nearly equal as possible. *Merrill* v. *Bank*, 173 U. S. 131. The dissenters were Justices White, Harlan, McKenna and Gray. Some of the state courts have since followed the views of the dissenters and rejected those of the majority. *Bank* v. *Duncan,* 84 Miss. 467; *Chemical Co.* v. *Edwards,* 136 N. C. 73. The attempt to justify the rule upon the theory of a legal right in the creditor beyond power of control by a court of equity is well answered in *Bank Commissioners* v. *Trust Co., 70 N. H.* 536. In some states, the so-called chancery rule never has been recognized. *Bell* v. *Fleming's Exrs.,* 12 N. J. Eq. 13; *Washburn* v. *Tisdale,* 143 Mass. 376; *Bank* v. *Bank,* 138 Mass 515; *Bank* v. *Woodyard,* 137 Mass 412; *Hale* v. *Leatherbee,* 175 Mass. 547, 549.

Our case of *Williams* v. *Overholt,* 46 W. Va. 340, may well be distinguished. The collaterals held by the creditor there were not brought into the suit nor reduced to money. Their value was unknown and no doubt insusceptible of certain proof. Here the security has been reduced to money and applied on the debt. This done, there remained really due the creditor comparatively a small part of the original debt.

Finally, the rule has been abolished by statute in many cases because of its unjust results.