# JACOB F. BROWN AND SARAH E. BROWN, HIS WIFE, IN HER OWN RIGHT, v. ARTHUR M. BROWN, TRUSTEE UNDER THE WILL OF MARIA KING; KENNETH F. BROWN, ALICE BROWN, GERTRUDE BROWN HUMPHRIES, AND W. R. HUMPHRIES, HER HUSBAND.

## SUBMISSION WITHOUT ACTION.

SUBMITTED AUGUST 7, 1915.          DECIDED AUGUST 14, 1915.

ROBERTSON, C.J., QUARLES, J., AND CIRCUIT JUDGE WHITNEY IN PLACE OF WATSON, J., ABSENT.

TRUSTS—*investment of trust funds.*

    In this jurisdiction the rule as to the investment of trust funds is that the trustee must act with honesty, prudence and faithfulness, and exercise such sound discretion as prudent business men exercise in the investment of their own moneys, having regard not only to the income, but to the security of the principal, and to the permanency of the investment.

SAME—*investment in second mortgage.*

    The application of the rule to an investment of trust funds in a second mortgage upon real estate, assuming the existence of the requisite honesty and good faith, would involve the question whether, under all the circumstances, it could be regarded as a sound and prudent business transaction. The two principal matters to be considered are, (1) the value of the security, and (2) the ability of the trustee to protect the investment in the event of the foreclosure of the senior mortgage.

SAME—*same.*

    Under the special facts of this case the taking of a second mortgage for the purchase price upon the sale of incumbered property held proper.

OPINION OF THE JUSTICES BY ROBERTSON, C.J.

Under the will of Maria King, late of Honolulu, deceased, the defendant, A. M. Brown, holds as trustee, certain parcels of land situate on the Island of Molokai, upon which are running one hundred head of cattle, in trust, with power to sell and

to reinvest the proceeds, to pay the net rents, income and profits to the testatrix' daughter, Sarah E. Brown, during her natural life, and upon her death to convey the property, discharged of the trust, to the lawful issue of her body living at her decease, children of any deceased child to take their parent's share. The defendants Kenneth and Alice Brown, and Gertrude Brown Humphries are children of the said Sarah E. Brown. The lands are valuable only for grazing purposes, and in connection with adjoining and nearby lands, their fair and reasonable value being $20,000. The property is subject to mortgage indebtedness in the principal sum of $6,333, and, with interest calculated to July 31, 1915, amounts to $6,589.

As is frequently the case in submissions upon agreed statements, the facts are not stated as fully and satisfactorily as they might have been, but we are justified in inferring from what is stated that though that indebtedness is not now due and payable, or, if due, that there is no threat of foreclosure, yet the trustee has no funds or other property with which to pay the indebtedness when it does mature, and that the indebtedness could not be paid off during the continuance of the trust except through a sale of a portion of the lands.

It also appears that Sarah E. Brown owns several pieces of land in the same vicinity in her own right, upon which she runs cattle, and intends to purchase, for $5000, the ahupuaa of Onoulimaloo, containing 753 acres, which, it is stated, "cuts through the entire center of said lands for a long distance," and she desires to buy from the trustee the lands of the King estate, with the purpose of combining the whole into a cattle ranch, which with proper development would have a promising future. An offer was made to the trustee by Sarah E. Brown by letter dated July 22, 1915, to purchase the lands of the estate for $20,000, upon the following plan for financing the proposed undertaking:    To borrow, upon a first mortgage, the sum of $30,000 (payable in five years), and to give the trustee a second mortgage for $20,000, the amount of the proposed purchase

price of the estate lands; the security for these mortgages to be all the ranch property and certain improved land situate at Waikiki, Honolulu, belonging to Mrs. Brown, of an aggregate present value of $65,000. The trustee, in writing, accepted the offer upon the understanding that his mortgage would be for the sum of $13,300, bearing interest at the rate of six per cent. per annum, and payable in five years, the remaining difference between the sum of $20,000 and the amount of the existing mortgage indebtedness of the trust to be paid off in cash. All existing mortgages to be paid off. All the parties in interest in the trust, now living, believe that the proposed transaction would be for the best interest of the estate, and have urged the trustee to carry out the agreement. The trustee, being advised by counsel that there is some doubt about his power to take such second mortgage in payment for the purchase price of the lands, has declined to carry out his said agreement.

The general question presented for consideration is as to when, if at all, may a trustee invest trust funds upon a second mortgage upon real estate. In this jurisdiction the rule as to the investment of trust funds is that the trustee must act with honesty, prudence and faithfulness, and exercise such sound discretion as prudent business men exercise in the investment of their own moneys, having regard not only to the income, but to the security of the principal and to the permanency of the investment. *In re Estate of Banning*, 9 Haw. 453; *In re Guardianship of Parker*, 14 Haw. 347; *Estate of Cummins*, 16 Haw. 185. The application of this rule to an investment of trust funds in a second mortgage upon real estate, assuming the existence of the requisite honesty and good faith, would involve the question whether, under all the circumstances, it could be regarded as a sound and prudent business transaction. This, in the absence of statute or special direction, is the ultimate test as to the making of any investment by a trustee, and it is obvious that under some circumstances a second mortgage might offer a safer and better investment than, under other circumstances,

a first mortgage would provide. In 39 Cyc. 399, it is said, "Generally speaking, a mortgage on real estate encumbered by prior liens is not such an investment as a trustee is authorized to make, even where he is clothed with large discretionary powers. But it cannot be said that under every circumstance such an investment is inconsistent with sound discretion. The question is always one of proper care and prudence." In 1 Perry on Trusts, Sec. 452, it is said, "A trustee ought not as a rule to invest in second mortgages. * * * The rule is not inflexible, but subject to the higher rule that the trustees are always to employ such care and diligence in the trust business as careful men of discretion and intelligence employ in their own affairs." Cases might be reviewed in which trustees have been held liable for losses occurring through imprudent investments in second mortgages but it would add nothing of value to the discussion. In the case of *Estate of Bartol,* 182 Pa. St. 407, 417, the court said, "The will did not restrict the trustees to first mortgage bonds, and it does not at all follow that a second mortgage bond may not be a first class security." In *Monroe* v. *Osborne,* 43 N. J. E. 248, 253, the court said, "Second mortgages on lands as securities for trust funds have been regarded as improper and questionable investments, not necessarily wrong and conclusive on a charge of breach of trust, but sufficient to cast on the trustee the burden of satisfactorily showing that his act was prudent or unavoidable under the circumstances. Each case must, however, stand on its own circumstances, and a general rule, applicable to all cases, is that a trustee must use the same care, skill, diligence and prudence in the management of the trust and his dealings with the trust property which a man of ordinary care, skill and prudence would use in his own transactions and with his own property under like circumstances." In *Taft* v. *Smith,* 186 Mass. 31, 33, the court said, "We are aware that in several cases in other States it has been stated that a trustee should not invest in second mortgages. While we accept that as a principle generally to be applied, we cannot,

accept it as an absolute, ironclad rule. After all, the true rule is whether under the circumstances sound discretion was exercised, and it cannot be said that under every conceivable practical set of circumstances an investment in a second mortgage is inconsistent with sound discretion."

The two principal matters ordinarily to be considered with reference to the safety and soundness of an investment of this kind are, (1) the value of the security, and (2) the ability of the trustee to protect the investment in the event of the foreclosure of the senior mortgage. In regard to the value of the proposed security, $35,000 over and above the amount of the first mortgage, we deem it sufficient, though not more than sufficient. The amount of the two mortgages, $43,300, would be about two-thirds of the present value of the property to be covered by the mortgages. As to the second point referred to, it is manifest that, as all the property of the estate is proposed to be put into the second mortgage, the trustee would be unable to protect the investment, in case the mortgagor should fail to meet the conditions of the first mortgage, by taking over the senior security. Were it not for the fact about to be adverted to again we should not hesitate to hold that the proposed transaction is not a safe and prudent one for the trustee to consummate. In *Whitney v. Martine,* 88 N. Y. 535, 539, a case of an investment upon second mortgage by an agent of funds of his principal, the court said, "Perhaps it might not be sufficient to charge the defendant for neglect of duty on the last evidence referred to, and there would be ground for hesitation, independent of the fact that the mortgages of the plaintiff were second mortgages, taken after others of a large amount had been given, and thus would render it necessary for the plaintiff, on an emergency, to raise a large amount to protect a comparatively small sum loaned by her upon the property. Loans under such circumstances are always hazardous and doubtful, * * * And, as a general rule, it may properly be laid down that it is not prudent or safe to advance moneys on second mortgages when

there are large prior incumbrances, and especially where the personal security of the mortgagor is in any way precarious. Such an investment is not a first-class one." But in the case at bar the whole, or practically all, of the estate in the hands of the trustee is now subject to incumbrances which the trustee has no funds to pay off. It would seem, therefore, that the estate would be in no worse condition than it is at present were the proposed transaction to be carried out, and if, as the agreed statement of facts shows, the value of the Molokai property would be enhanced by its combination under one ownership, the estate may be placed in a better position than it now is. We may say also that the fact that all the beneficiaries under the trust now living are in favor of having the proposed arrangement consummated is of some weight in deciding the matter.

After careful consideration, though with some hesitation, we have reached the conclusion that the proposed transaction is a prudent one for the trustee to effect under the circumstances stated, and that there is no lack of power on his part to make the investment in question. And as the supposed want of power is the only ground upon which the trustee has based his refusal to perform his agreement, a decree requiring him to perform it may be entered.

*Castle & Withington* for plaintiffs.

*J. W. Cathcart* for defendants.