**Illinois Trust and Savings Bank, Trustee, Appellant, v. Murray Floyd Tuley et al., Appellees.**

**Gen. No. 27,664.**

1. TRUSTS—*when trust to convey an active trust.* A trust to manage and control real property and to permit a certain husband and wife and the survivor of them to use and occupy it for life, free of rent, and after their death to apply the rents, issues and profits to the education, support and maintenance of their son, and, upon the death of the survivor, if the son has reached his majority, the property to be conveyed to him, but giving the trustee full power to sell and convey the property in case of any emergency demanding the whole trust fund for the support or education of such beneficiary, does not create a mere dry or passive trust which is executed by the statute of uses but imposes upon the trustee active duties.

2. TRUSTS—*liability of trustee for shrinkage in value of authorized investment of trust funds.* A trustee which has been directed by the court to invest the trust fund in such securities as are authorized by law is not chargeable with the decrease in value of a first mortgage bond of a public utility corporation in which it had invested the funds, such bond being at the time of purchase a legal investment under Cahill's Ill. St. ch. 3, ¶ 144, authorizing investment of trust funds in first mortgage bonds in any corporation which has not defaulted in payment of interest for a period of five

years and limiting investment to such bonds as cautious and intelligent persons invest their own funds in, where it appears that the shrinkage in value is due to the low interest rate borne by such bonds and the high rate prevailing generally, and where there is no evidence that the bond in question is not worth the par value thereof or that it will not be redeemed at par upon maturity.

3. Trusts—*right of trustee to compensation and solicitors' fees.* A trustee is entitled to compensation for its services and for fees of its solicitors, although the will under which it acts makes no provision therefor, under Cahill's Ill. St. ch. 148, ¶ 35, providing that a trustee under a will which contains no provision for compensation is entitled to a reasonable compensation, especially where it has active duties to perform, has accounted several times and has been a party to a proceeding to construe the will.

Appeal from the Circuit Court of Cook county; the Hon. KICKHAM SCANLAN, Judge, presiding. Heard in the Branch Appellate Court at the March term, 1922. Reversed and remanded with directions. Opinion filed November 8, 1922.

McCULLOCH, McCULLOCH & DUNBAR, for appellant; HUGH W. McCULLOCH, of counsel.

JOSEPH J. THOMPSON, for appellees.

MR. JUSTICE MORRILL delivered the opinion of the court.

This is an appeal from a decree of the circuit court of Cook county entered December 17, 1921, sustaining certain objections to the report and accounting of the appellant as trustee under the last will and testament of Murray F. Tuley, deceased, and directing said trustee to pay to the appellee, Murray Floyd Tuley, within five days, a certain trust fund of $1,100, with accrued interest thereon.

The original bill of complaint was filed March 16, 1910, by the appellant as trustee as aforesaid, alleging that Murray F. Tuley died December 25, 1905, leaving a last will and testament, the twelfth paragraph of which devised to appellant as trustee one-half of a certain lot located in the City of Chicago, with direc-

tions to manage and control the same and to permit Thomas J. Tuley and Anna A. Tuley, his wife, and the survivor of them, to use, possess and occupy said property during their lives, free of rent; that after the death of the survivor of them the rents, issues and profits of the said property should be applied to the education, support and maintenance of the appellee Murray Floyd Tuley, who was the son of said Thomas J. Tuley and wife; that upon the death of the survivor of said Thomas J. Tuley and wife, the said Murray Floyd Tuley having arrived at the age of twenty-one years, the real estate should be conveyed to him; that if any emergency should at any time arise which should demand, in the opinion of said trustee, the sale of the whole or any part of said lot for the support or education of said Murray Floyd Tuley, then the said trustee should have full power to sell and convey the same without seeing to the application of the purchase money.

The bill further alleged the acceptance of the trust; that the land in question was unimproved and subject to heavy special assessments; that it had been sold for taxes; that the trustee was without funds to pay taxes and assessments; that the beneficiaries declined to pay the same or to redeem from tax sales; that it was for the best interests of all parties concerned that the land be sold and prayed that the trustee be authorized to sell the said real estate and invest the proceeds.

A decree was entered June 21, 1910, authorizing the trustee to sell the land subject to confirmation of the court. This decree expressly provided that the proceeds of sale be held upon the same trusts as those upon which the real estate was held, and that the trustee might invest and reinvest the proceeds in such securities as are authorized by law as proper investments of trust funds and property. A report of sale was filed October 25, 1910, showing the sale of the

real estate for $1,500 and that after the payment of necessary expenses of sale, a balance of $1,110.42 remained in the hands of the trustee. This report of sale was approved and confirmed by the court November 15, 1910.

On May 2, 1921, the appellee, Murray Floyd Tuley, filed his petition in said cause, alleging that he became twenty-one years of age January 10, 1921; that he interpreted the meaning of the provisions of the will to be that upon his arrival at the age of twenty-one years he became entitled to the use, benefit and possession of the trust fund above mentioned. The petition also contained certain allegations relating to the will of Catherine E. Tuley, deceased, the wife of Murray F. Tuley, from which it appears that the appellant, as trustee under the will of Mrs. Tuley, held the sum of $1,000 in trust for investment, in which latter trust fund the said appellee had a one-half interest. The petition prayed for an accounting of these funds and their transfer to him. The contention of appellee as to the trust created under the will of Catherine E. Tuley seems to have been abandoned. A demurrer was filed on behalf of appellant based upon the provision of the will that the net income from the property held in trust was to be paid to Thomas J. Tuley and Anna A. Tuley and the survivor of them during their lives and the life of the survivor and that petitioner had no immediate beneficial interest in the fund. Thereafter said Thomas J. Tuley and Anna A. Tuley filed a waiver of all interest in or claim to the trust fund and a consent that the principal sum held by appellant as trustee under said will be paid over to appellee, Murray Floyd Tuley. Thereupon, on May 4, 1921, an order for an accounting was entered and appellant as such trustee was authorized to pay over to the appellee, Murray Floyd Tuley, by May 16, 1921, the property or fund arising out of the devise mentioned in article 12 of the will in question. On July 15,

1921, appellant filed its petition representing that pursuant to said order it had made an accounting before May 16, 1921, and tendered to said Murray Floyd Tuley, the appellee, the property arising out of the devise mentioned in article 12 of the will of the late Murray F. Tuley, deceased, consisting of one bond of the Chicago City Railway Company, first mortgage issue, bearing interest at the rate of five per cent per annum, the par value of which is $1,000, and also the principal sum of $65.75 and accrued interest thereon amounting to $1.29, which sums and said bond the said Murray Floyd Tuley refused to accept; that petitioner now has in its possession said bond and said sums of money, and stands ready to deliver the same as the court may direct. The petition further alleged that the accounting was complete and covered all sums coming into its hands since March 8, 1912, the date of the last accounting; that the investment made by appellant was in accordance with the directions imposed upon it and the powers given to it in the decree of June 21, 1910; that the investment was in such securities as are authorized by law as a proper investment of trust funds. The petition further alleged that prior to that time no charge had been made by appellant for its services as trustee under the will of the said Murray F. Tuley, deceased, nor for the services of its solicitors, and it should be paid a reasonable amount for trustee's and solicitors' fees out of the principal of said trust estate. The petition prays that the accounting be approved and that the court fix and determine a reasonable amount to be allowed and paid out of said estate as trustee's fees and as fees for its solicitors and that the court direct petitioner as to the disposition of the remainder and for general relief.

Objections to the accounting were made on behalf of said appellee, Murray Floyd Tuley, upon the ground that the bond of the Chicago City Railway Company mentioned in the accounting was not of the

value of $1,000, but was worth less than $660; that the said trustee was a mere volunteer in the matter and had no power under the will to invest or hold the funds in controversy; that the decree of the circuit court (referring presumably to the decree of June 21, 1910) was interlocutory only and expressly kept open for correction or modification; that it was beyond the power of the trustee to make the investment in question and that the accounting disclosed a mingling of funds belonging to petitioner with other funds, rendering complainant liable for the entire fund. These objections were sustained by the circuit court in the decree entered December 17, 1921, from which this appeal has been taken.

The last-named decree recited the proceedings which have already been noted and found that upon a hearing of the objections to the trustee's account, the investment by said trustee in the Chicago City Railway bonds was not authorized or approved by the court; that the market value of said bonds had decreased prior to the purchase thereof by the trustee and had continued to decrease after the purchase thereof during more than six years, and at the time of the accounting the same were worth but 65¾¢ on the dollar; that neither the appellee, Murray Floyd Tuley, nor Thomas J. Tuley nor Anna A. Tuley, directly or indirectly, either sanctioned or approved the investment of said fund in said Chicago City Railway Company bond, and that the said Illinois Trust and Savings Bank is not entitled to trustee's or solicitors' fees under the facts and circumstances of the case, and directed the trustee to pay the said sum of $1,100 and the accrued interest to the appellee, Murray Floyd Tuley.

It is contended on behalf of appellee that the trust attempted to be created under article 12 of the will of Murray F. Tuley, deceased, was merely a dry or passive trust which the statute of uses would execute, and

that appellant was a mere volunteer in the case. The authorities cited by appellee do not sustain this proposition. Even in cases where a trustee has no other active duty than to convey title to the beneficiaries on the happening of a certain event, the trust is not a passive or dry trust and the statute of uses does not operate to vest the title in the uses. *Lawrence v. Lawrence,* 181 Ill. 248; *McFall v. Kirkpatrick,* 236 Ill. 281. The same rule is in effect sustained in *Meacham v. Steele,* 93 Ill. 135, cited by appellee. In that case it was held that there being a duty to convey for the purpose of raising money, the trust was not passive. It is apparent that active duties are imposed upon the trustee under article 12 of the will in question.

Under the decree of June 21, 1921, the trustee was expressly authorized to invest the trust fund in such securities as may from time to time be authorized by law as proper investments of trust funds and property, thereby rendering it unnecessary for the trustee to apply to the court for directions as to the investment of such funds, as appellee contends should have been done. The statute of this State relating to the investment of trust funds provides, in substance, that such funds may be invested by the trustee, when not otherwise provided by the will or other instrument creating the trust, in the first mortgage bonds of any corporation upon which no default in payment of interest shall have occurred for a period of five years, but that no trustee shall be authorized by the act to invest trust funds in any bonds in which cautious and intelligent persons do not invest their own money. Cahill's Ill. St. ch. 3, ¶ 144. The evidence shows that an investment in the bonds of the Chicago City Railway Company complied with these statutory requirements. No default in interest had been made for a period of over five years prior to the time of the purchase, and, so far as the record shows, no such default has ever been made. The investment was one which

at that time met the approval of cautious and intelligent persons. The bonds were based upon the property of a public utility corporation of permanent necessity in a large city. Many millions of dollars have been invested in such bonds. The bonds were first mortgage bonds of a corporation upon which no default in payment of interest had occurred for a period of five years and bonds in which cautious and intelligent persons invest their own money. The mere fact that the market value of the bonds had declined at the time the accounting was demanded, owing to increased rates of interest, which were prevailing as a result of conditions over which the trustee had no control, does not render the trustee liable for such decrease, especially in view of the fact that the accounting has been accelerated through the acts of the beneficiaries under the will. The investment in question was legal and a proper investment for a trustee to make, even if no statute upon the subject had been in existence. *Wylie v. Bushnell,* 277 Ill. 484; *Costello v. Costello,* 209 N. Y. 252; *In re Buhl's Estate,* 211 Mich. 124; *Kimball v. Whitney,* 233 Mass. 321. These and other authorities hold that the propriety of the investment must be determined as of the time when it was made.

When the investment was made, five per cent was considered an attractive rate of interest for an investment. A much higher rate of interest prevailed during and after the war with the German Empire. Under such circumstances, it is obvious that the market value of a five per cent investment must fall. Even the bonds of the United States Government were quoted in the market below par, the only reason therefor being that the interest rate was below the current rate. The same was true of other sound securities bearing less than the current rate of interest. Since that time these securities have greatly risen in value. No reason is shown in the record for assuming that

the bonds of the Chicago City Railway Company are not worth the par value thereof and will not be redeemed at par upon their maturity. The law is well settled that under such circumstances the trustee cannot be held liable for any decrease in the market value thereof. If the trustee acted in good faith and the investment was such as would have been made by cautious, prudent and intelligent business men with a view to securing a safe income, and further is in compliance with the statute of this State, then the trustee cannot be held responsible for consequences which could not have been foreseen at the time the investment was made. *Taft v. Smith,* 186 Mass. 31; *Costello v. Costello, supra.*

It is contended by appellant that it is entitled to a reasonable allowance out of the trust fund as compensation for its services and for the services of its solicitors, although the will made no provision therefor. The statute of this State provides, in substance, that a trustee acting under a will containing no provision for the compensation of a trustee shall be allowed or paid a reasonable compensation for such services. Cahill's Ill. St. ch. 148, ¶ 35. In accordance with the provisions of this statute, the payment of a reasonable compensation to a trustee out of the principal of the trust fund has been sustained. *Arnold v. Alden,* 173 Ill. 229; *Jarrett v. Johnson,* 216 Ill. 212. It has also been held in a number of instances that a trustee is similarly entitled to a reasonable compensation for the necessary services of its solicitors in obtaining a construction of the will creating the trust. *Lombard v. Whitbeck,* 173 Ill. 396; *Guerin v. Guerin,* 270 Ill. 239; *Field v. Field,* 297 Ill. 379. In view of these authorities, we are of the opinion that the circuit court erred in not hearing testimony as to the value of the services of the trustee and its solicitors and making a reasonable allowance therefor, having a due regard to the small amount of the trust fund.

The decree of the circuit court was also erroneous in substantially holding the trustee liable, under the circumstances involved herein, for the decrease in the market value of the securities in which the trust fund had properly been invested.

The decree of the circuit court is reversed and the cause remanded, with directions to approve the investments and account of the trustee, to hear evidence as to the services rendered by the trustee and its solicitors and determine the reasonable value thereof and to make a reasonable allowance for compensation for said services of the trustee and its counsel.

*Reversed and remanded with directions.*

BARNES, P. J., and GRIDLEY, J., concur.