ED ARNETTE et al., Appellees, v. JOSEPHINE C. R. WATSON,
Executrix, Appellant.

TRUSTS: Trustees—Powers—Execution of Notes. Power in a testamentary trustee to invest and reinvest the subject-matter of the trust and generally to do substantially whatever the testator might do, were he alive, necessarily embraces the power to purchase lands and to execute promissory notes therefor.

Headnote 1: 39 Cyc. pp. 334, 411.

*Appeal from Palo Alto District Court.*—D. F. COYLE, Judge.

APRIL 5, 1927.

Suit on promissory note. Defense that the note was executed by a trustee under a will, without authority, and was without consideration and void. Judgment was entered for the amount due on the note. Defendant appeals.—*Affirmed.*

*Nefstead & Carmichael,* for appellant.

*Thomas O'Connor* and *Heald, Cook & Heald,* for appellees.

FAVILLE, J.—The appellant is the executrix and trustee under the will of John J. Watson, deceased. The terms of said will provide:

"All the rest, residue and remainder of the estate, real and personal, which I shall own or possess at the time of my death I give, devise and bequeath unto my beloved wife, Josephine C. R. Watson, in trust, however, for the following uses and purposes, to wit:

"1. To manage, invest, and reinvest the same, and to pay all of the expenses thereof, hereby giving and granting to my said wife full power and authority to sell and convey any and all real property belonging to my estate and to invest and re-

invest the proceeds thereof without application to or authority from any court, and further without such application to or authority from any court to mortgage any and all property that may belong to my estate for the purpose of paying my lawful debts or the lawful liabilities of or charges against my estate, and to renew, extend, or replace any lawful mortgages or other liens existing against my estate at the time of my death, or that may be placed against my estate or any part thereof after my death pursuant to this article or pursuant to the laws for the assessment and taxation of property for public improvements, and I further give my said wife authority to make and renew mortgages if necessary in the execution of Article 2 next following.''

A codicil to said will provides:

''I hereby will and declare that my aforesaid wife, Josephine C. R. Watson, shall have full power to control, manage, sell, convey, invest, reinvest, mortgage, lease and to do all other acts and things in respect to my estate and each and every part thereof, not specifically bequeathed, as in her judgment shall seem best for the preservation, conservation, husbanding, improvement, investment, management or benefit of my estate, and I further declare that she shall have specific power to sell and convey any and all real property which shall belong to my estate at the time of my death or afterward, without application to or authority from or confirmation by any court.''

The note in suit was given March 1, 1920, and is signed by the appellant, as ''executrix and trustee under the will of John Watson, deceased.'' The cause was tried to the court, without the intervention of a jury. On or about the 14th day of August, 1919, the appellant entered into a written agreement with the appellees, whereby she purchased, as executrix and trustee under the will of Watson, a farm in Minnesota, subject to certain incumbrances. The note in suit was given March 1, 1920, as part of the purchase price of said farm, and was secured by mortgage on said farm. This action was brought directly on the note. The contract of purchase was fully consummated by the execution of conveyance.

The sole question for our determination is whether or not, under the terms and provisions of the will, the appellant, as trustee of the estate of said decedent, had authority to purchase

the land in question and to execute the note in suit as a part of the purchase price. The terms and provisions of the will are very broad and inclusive. The purchase of the land in question with the proceeds of the estate of Watson was, we think, clearly within the broad powers conferred by the will, and especially by the terms of the codicil. The trustee is not only given specific power to "control, manage, sell, convey, invest, and reinvest, mortgage, and lease" property of the estate, but is also given specific and definite power and authority "to do all other acts and things in respect to my estate and each and every part there-of * * * as in her judgment shall seem best for the preservation, conservation, husbanding, improvement, investment, manage-ment, or benefit of my estate." We hold that the investment of the proceeds of the estate in the purchase of the land in question by the trustee was within the powers conferred upon her by the terms of the will and codicil, and that the execution of the note as evidence of a part of the purchase price of said property was within the powers so conferred, and was a valid and binding obligation. There is no claim of fraud in the purchase of the premises.

The fact that circumstances have arisen which now make it appear that the purchase of the land has proven to be an im-provident and unprofitable investment on the part of the trustee does not, as between these parties, constitute a defense to this action. The discretionary power lodged in the trustee under the broad terms of this will is one which will not be controlled by a court, in the absence of fraud or of evidence of abuse of such power. *Dickey v. Barnstable*, 122 Iowa 572. There seems to be a paucity of decisions on the identical question presented where the question arises solely between the trustee and a third party, but, as bearing generally on the proposition that a trustee clothed with authority cannot be permitted to deny liability as such trustee for contracts incurred within the scope of the pow-ers conferred by the trust, see 39 Cyc. 450; *McClelland v. Ham-ilton's Admr.*, 8 Ky. Law Rep. 346 (1 S. W. 635) ; *Taft v. Smith*, 186 Mass. 31 (70 N. E. 1031).

The judgment of the district court was correct, and it is— *Affirmed.*

EVANS, C. J., and STEVENS and VERMILION, JJ., concur.