E. W. WHITESEL, *Trustee v.* JOHN C. HARMAN *et al.*

(No. 7062)

Submitted October 6, 1931.   Decided October 20, 1931.

*Forman & Mitchell,* and *Emory Tyler,* for appellant.
*McCauley, Zimmerman & McCauley,* for appellees.

LITZ, PRESIDENT:

This is an appeal by a lien creditor from a decree in a suit to administer the assets of an insolvent debtor under a deed of assignment for the benefit of creditors. The basis of the

complaint is a provision in the decree, permitting appellant, Mary B. McWhorter, to participate in the general fund in the hands of the trustee only on the basis of the remainder of her debt after applying thereon the property by which it is secured. She contends that her entire claim should be considered in the distribution of the general fund.

By deed dated January 1, 1928, Mary B. McWhorter, conveyed to defendant, John C. Harman, a tract of land in Hardy County, containing 432 acres, in consideration of $20,000, paid and to be paid as follows: $5,000 cash in hand, and the balance in eight annual installments, secured by a vendor's lien.

By deed dated October 21, 1929, John C. Harman and wife conveyed to plaintiff, E. W. Whitesel, trustee, all of the property of Harman "for the purpose and in trust to secure and pay, first, in order of priority all debts against the said John C. Harman * * * which are liens respectively against the property and rights conveyed, and to secure the sureties and endorsers on such debts, *from the sale of such property and rights;* and, second, ratably and without preference all other debts against the said John C. Harman which are not liens and the sureties and endorsers thereon." After a recitation of numerous items of indebtedness of Harman, the deed then states that "all other debts by note, account or otherwise against said John C. Harman are intended to be secured by this deed of trust and assignment; and it is the intention of this deed of trust and assignment to secure all of the indebtedness of the said John C. Harman whether described or mentioned above or not; all liens in order of priority and all other debts pro rata and without preference, and including the sureties and endorsers on such indebtedness."

This suit was instituted October 28, 1929, by the trustee against John C. Harman, Mary B. McWhorter and other creditors of Harman to execute the trust under direction of the court.

By decree of March 21, 1931, in which judgments were rendered against Harman in favor of his various creditors, it was "adjudged, ordered and decreed that all of the recoveries

hereinbefore mentioned and taken other than the lien debts which have preference or priority as liens against specific real estate and personal property be and they are hereby established as liens of equal dignity and priority against the fund arising from the sale of personal property in the hands of said Trustee or other money coming into his hands as personalty after payment of specific liens hereinbefore established against such personal property or fund *and that the lien debts against the real estate involved in this suit which may not be paid from the sale of real estate if any are also established as liens against the personal property or fund in the hands of said Trustee of the same dignity and priority as other claims hereinbefore established as liens* except the specific liens entitled to preference as hereinbefore provided.''

Another decree was entered June 20, 1931, directing the trustee, after the payment of costs, ''to disburse the funds in his hands or coming into his hands upon the preferred claims or liens against the personal property, and the residue upon all other debts recovered in this cause pro rata, *the court reserving the right to require repayment from claimants holding liens against the real estate who participate in disbursement of personal fund should the court hereafter determine that such should be done.''*

The decree, complained of, dated December 19, 1930, insofar as pertinent, follows: ''This cause came on this the 19th day of December, 1930, to be again heard on the papers formerly read and the proceeding heretofore had herein and the right reserved in the decree entered herein at the June term 1930 of this court to require repayment from claimants holding liens against the real estate who participate in disbursement of personal fund should the court hereafter determine that such should be done, and this question was argued by counsel, and the court after due consideration of this question including the deed of trust and assignment involved in this cause and the decree entered herein at the March term of 1930 of this court *wherein it is provided that the lien debts against the real estate involved in this suit which may not be paid from the sale of real estate if any are*

*also established as liens against the personal property or fund in the hands of said Trustee of the same dignity and priority as other claims hereinbefore established as liens* except the specific liens entitled to preference as hereinbefore provided and upon consideration of all of which the court is of the opinion that Mary B. McWhorter to whom was disbursed by E. W. Whitesel, Trustee, through her attorneys Foreman & Mitchell, $248.38 and $1038.35 on her claims established in this cause, such disbursement being 8.53% on her entire recoveries instead of on the balance of her claims that will remain unpaid after she receives what she is entitled to from the sale of real estate, received more than she is entitled to from the personal fund, *and that under the said deed of trust and the proceedings heretofore had herein she is only entitled to a pro rata distribution on the balance of her claim remaining unpaid after application thereon of what she will receive from the sale of the real estate,* this court now passing upon the right reserved in the said decree of the June term 1930 of this court, it is adjudged, ordered and decreed that the said Mary B. McWhorter is only entitled under the deed of trust and assignment involved in this suit to a pro rata distribution from the personal fund which was in the hands of E. W. Whitesel, Trustee, for disbursement on the common debts based on the balance of her claims that may remain unpaid after the proceeds from the sale of real estate to which she is entitled to have credited on said claims, and that the said Mary B. McWhorter shall reimburse and pay to the said E. W. Whitesel, Trustee, the excess that she received over what she was (thus) entitled * * *."

Appellant, Mary B. McWhorter, relies upon the rule announced in *Williams* v. *Overholt,* 46 W. Va. 339, that "creditors secured by a general assignment of their debtor's estate are entitled to present participation in the general funds arising from such assignment, although they may hold collateral securities on their debts"; and cannot be "refused participation in the general fund until such securities are exhausted." The subsequent case of *Price* v. *Hosterman Lumber Company,* 70 W. Va. 12, in which Judge Poffenbarger delivered a

vigorous dissent, reaffirms the same holding; and as we view the present case there is no occasion now to examine the soundness of this doctrine, as the deed of assignment itself prescribes the scheme of distribution. "The terms of the assignment control in reference to distribution, and the right of creditors to participate, as fully as in other matters. Therefore, if the assignment specifies what creditors shall participate, in what order and to what extent, and if such specifications are valid in the jurisdiction where made, the rights of all creditors are definitely fixed thereby, and there is no necessity to look beyond the assignment itself." 2 R. C. L. 715. Counsel for appellees, conceding the rule enunciated in the Williams-Overholt and Price-Hosterman Lumber Company cases, contend that it is inapplicable to the assignment under consideration for the reason that the instrument directs the trustee first to apply to the lien debts the proceeds from the sale of the property subject to the liens, and secondly, the general fund ratably to the remaining indebtedness. It is also contended that the decree of June 20, 1930 (which is not now reviewable), so directs. The decree complained of considers the previous decree as well as the deed of assignment. We concur in the interpretation asserted by appellees and adopted in the final decree; and so holding, affirm the ruling of the trial court.

*Affirmed.*