WILLIAM P. BLAKE, administrator, *vs.* FRANCIS J. WARD & another.

Norfolk. Nov. 23, 1883. — March 1, 1884. C. ALLEN & HOLMES, JJ., absent.

If the administrator of the estate of a deceased partner in a firm has made a settlement with the surviving partners, and his account, including the amount received from such settlement, has been allowed by the Probate Court, that court has no jurisdiction to open the account, upon the petition of the successor of such administrator, to which the surviving partners only are made respondents, on the ground that the settlement was induced by the fraud of the surviving partners.

APPEAL from a decree of the Probate Court, granting a petition that an administrator's account might be opened. Hearing before *Field*, J., who reported the case for the consideration of the full court. The facts appear in the opinion.

*E. M. Johnson*, for the appellee.

*J. W. Keith*, (*C. R. Train* with him,) for the appellants.

COLBURN, J.   It appears in this case, that William H. Ward, of whose estate William S. Leland was administrator, was, at the time of his decease, a partner in the firm of N. Ward and Company, the surviving partners being Francis J. Ward and Sylvester L. Ward, the appellants in this case.   Leland, as administrator, compromised and settled the interest of his intestate in said firm with the surviving partners, duly accounted for all that he received, rendered a final account of his administration, which was duly allowed in the Probate Court, and has since died.

Ellsworth T. Buss was appointed administrator *de bonis non* of the estate of William H. Ward, and brought the petition in this case, and died.   William P. Blake, the appellee, was appointed administrator *de bonis non* in place of said Buss, and is prosecuting the petition.   Notice of this petition was given to the surviving partners of the firm, but no other notice has been given.

The petition alleges, among other things, that fraud was practised upon said Leland by the surviving partners in said firm, by which he was induced to settle the interest of the estate of his intestate therein for a much smaller sum than was due ; and that, in consequence of the fraud, the Probate Court was induced to confirm the settlement made by Leland.

The prayer of the petition is, " that the compromise and settlement made as aforesaid, between said Leland, administrator, and said F. J. Ward and S. L. Ward, of the right, title, and interest of the estate of W. H. Ward in the property of the firm of N. Ward and Company, may be set aside and declared void ; and that the decree confirming said settlement or compromise, dated October 8, 1864, may be reopened and vacated."

Leland, as administrator, was authorized to settle the interest of his intestate in the firm with the surviving partners.   This settlement was not, and could not have been, made in the Probate Court.   The surviving partners had no standing in that court, and that court had no more jurisdiction over them than over any other debtors to the estate.   The only action that

court could take in regard to the settlement was to approve or disapprove of the action of the administrator, and allow or disallow his account. If the Probate Court acted at all under the authority of the Gen. Sts. *c.* 101, § 10, which is by no means apparent, the only effect of its action was to protect the administrator against those interested in the effects of the intestate. It conferred no additional authority upon him, and had no effect upon the surviving partners. *Chadbourn* v. *Chadbourn*, 9 Allen, 173.

The Probate Court has no authority to set aside or declare void the settlement; if it had passed any decree affirming the settlement, and was satisfied that such decree was induced by the fraud of the administrator, it might vacate the decree, but the surviving partners would not be proper parties to a hearing upon that question, and the determination of that court could have no effect upon them. As there is no pretence of fraud on the part of the administrator, it is unnecessary to consider this subject further.

The first prayer in the amendment to the petition is, "that the administrator's account in said matter may be opened and settled in accordance with the facts."

The Probate Court has authority to vacate its decree approving the account, upon being satisfied that its approval was induced by fraud practised upon it by Leland, and to open the account, if Leland did not account for all he was liable to account for, and his neglect was not brought to the attention of the court when the account was approved. *Stetson* v. *Bass*, 9 Pick. 27. *Field* v. *Hitchcock*, 14 Pick. 405. *Waters* v. *Stickney*, 12 Allen, 1.

But, in the present case, it is not apparent that any benefit can result from opening the account. Leland is dead, and can take no further action. It is conceded that he was not guilty of fraud, and that he accounted for everything he received; and it is not contended that it was any fault of his, that he did not collect a larger sum from the surviving partners; and, so far as is alleged, the "account was settled according to the facts." Nothing is charged in the petition which can authorize any change in the account, or warrant its being opened. The decree approving it had no effect upon the surviving partners, and in

no way interferes with any remedy the administrator *de bonis non* may have to collect a further sum from them.

The last prayer in the amendment to the petition is, " that the partnership accounts of the firm of N. Ward and Company be referred to some proper person by the court, with authority to state the account fully for the guidance of the court in relation thereto."

This prayer the Probate Court has no authority to grant. As before stated, that court has no jurisdiction of the surviving partners, or authority to settle the partnership accounts. The administrator *de bonis non* can only proceed in a court of equity to enforce any rights he may have against the surviving partners, and secure a settlement of the partnership accounts, if a valid one has not been made.

Francis J. Ward and Sylvester L. Ward are improperly made parties to these proceedings, and they should be dismissed as to them.

The decree passed by the court, in addition to the order opening the account, orders " that a hearing be had on the question as to what further amount the present administrator should be charged for and on account of the interest of the estate of said W. H. Ward in said partnership property." This order appears to contemplate a hearing in the Probate Court between the administrator *de bonis non* and the surviving partners; but no such hearing can be had.

The administrator *de bonis non* has received nothing, and cannot be charged with anything until he has received it, or been guilty of some neglect in not receiving it ; and it is certainly no part of the prayer of his petition that he should be charged with anything, and he is the only party to the proceedings except the surviving partners.

As there is no allegation in the petition which can warrant opening the account, the decree of the Probate Court must be reversed, and the case remitted to that court with directions to dismiss the petition.                *Decree accordingly.*