FRANK G. COOK, administrator, *vs.* RUTH RICHARDSON.

Middlesex.    December 4, 1900. — March 1, 1901.

Present: HOLMES, C. J., KNOWLTON, LATHROP, HAMMOND, & LORING, JJ.

It is not a legal defence to an action on an alleged claim, that the plaintiff has signed an entry of judgment satisfied for a sum less than his claim and also a release of all claims recited to be in consideration of the payment of the lesser sum, and has subsequently refused to receive the lesser sum or to deliver the instruments, and if these facts constitute an equitable defence, that does not deprive a court of equity of its jurisdiction to enjoin the prosecution of the action at law and to order the defendant to deliver the instruments of discharge to the plaintiff.

The estate of an intestate amounted to about $5,000. All claims against the estate except one disputed claim amounted to about $700. On the disputed claim a suit was brought for about $15,000. The administrator represented the estate insolvent, and the Court of Insolvency on his petition made a decree ordering a proof of claims under Pub. Sts. c. 137. Thereafter the administrator by a compromise settled the suit on the disputed claim for $200, thereby making the estate solvent. *Held*, that the administrator had power to make the compromise, and that this power was not taken away by the apparent insolvency of the estate and order of the court for proof of claims, and that the assets of the estate having

proved sufficient to pay all claims, it became the duty of the administrator under Pub. Sts. c. 137, § 22, to pay all claims in full; and he was given a decree against the other party to the compromise ordering its enforcement.

BILL IN EQUITY by an administrator to enforce the specific performance of an agreement of compromise to settle two pending suits against the estate of his intestate for $200, filed February 26, 1900.

The estate had been represented insolvent, but if the compromise was allowed it would be solvent. The compromise was approved by a decree of the Probate Court and there was no appeal pending from that decree. The case was heard by *Holmes,* C. J., who found that the plaintiff was entitled to the relief sought, subject to two questions of law raised by the defendant, who asked for the following rulings: "1. That there was no jurisdiction because the remedy at law or in the two original suits was adequate. 2. That, the estate having been represented insolvent after one of the two actions referred to had been begun, the administrator had no authority to agree to a settlement and could not be authorized by the Probate Court to settle the suits which he was defending."

These requests the Chief Justice refused, and ordered a decree for the plaintiff, subject to the question whether his rulings were right, and at the defendant's request reported the case for the consideration of the full court, such decree to be entered as the court might think fit.

The bill alleged, that on June 8, 1897, the plaintiff was appointed and qualified as administrator of the estate of Lucy Torrey, late of Cambridge in the county of Middlesex; that on or about January 25, 1900, the plaintiff as administrator was the defendant in two actions of contract brought by the defendant in the Superior Court for that county; that as a result of overtures from the present defendant to the present plaintiff, the defendant made an oral agreement with the plaintiff to settle and compromise the two suits and to release all claims against the plaintiff and the estate of his intestate for the total sum of $200 to be paid by the plaintiff to the defendant upon the plaintiff obtaining as soon as might be the assent of the judge of probate to the compromise; that in pursuance of this agreement, on January 24, 1900, the defendant executed three in-

struments drafted by the plaintiff, copies of which were annexed to the bill as exhibits, and left these instruments in the hands of her counsel to be delivered to the plaintiff upon the payment of the sum of $200 agreed upon. [These exhibits consisted of entries, in one suit of judgment for the plaintiff for $200 and judgment satisfied, and in the other suit of judgment for the defendant, and of a release of all claims in consideration of the payment of the sum of $200 by the plaintiff. All three documents were signed by the defendant.] That also in pursuance of the agreement, on January 27, 1900, the plaintiff filed in the Probate Court a petition praying for the assent of that court to the compromise, and after service of citation thereon, on February 20, 1900, the judge of probate allowed the petition.

The bill then alleged notice to the defendant of the granting of the petition and tender of the $200 and refusal by the defendant to receive that sum or to deliver the instruments or to carry out the terms of the agreement of compromise.

The plaintiff alleged that he had no complete and adequate remedy at law, and prayed: 1st. That the defendant be ordered forthwith to receive the said sum of $200 and deliver to the plaintiff the said three instruments marked as exhibits and specifically to perform the terms of her said agreement. 2d. That the defendant be enjoined from any further prosecution of either of said two actions of contract described as aforesaid. 3d. That the plaintiff have such other and further relief as equity or the circumstances may require.

The answer among other matters set forth, that the defendant did not understand the meaning and nature of the instruments annexed to the bill as exhibits, and that immediately after and before January 7, 1900, when she fully understood the contents of said exhibits the defendant instructed her counsel not to deliver the originals of said exhibits or to receive any money therefor.

The answer further alleged that if all the matters and things set forth in the plaintiff's bill of complaint were true the plaintiff had a full, complete and adequate remedy at law, that is to say, that the originals of the exhibits set forth and annexed to the bill ought to be pleaded in bar to the actions in the Superior Court named in the bill and not in the court of equity.

The answer further alleged that the plaintiff as administrator on November 11, 1897, filed a petition in the Court of Insolvency in and for the County of Middlesex, praying that court to declare the estate of Lucy Torrey insolvent, and that on November 23, 1897, the Court of Insolvency made a decree ordering a proof of claims in that court; that several meetings of the creditors of Lucy Torrey were held under and by virtue of that decree, and that the decree was still in full force; that by reason of this decree and the proceeding in insolvency the plaintiff as administrator was barred from making any compromise agreement or settlement with the creditors of Lucy Torrey, and that all proceedings must await the final decree of the Court of Insolvency.

The decree of the Court of Insolvency annexed to the answer was dated November 23, 1897, and was as follows: " On the representation of Frank G. Cook, administrator of the estate of Lucy Torrey, late of Cambridge in said County of Middlesex, deceased, it appearing that the estate of said deceased will probably be insufficient for the payment of her debts; it is decreed, that the court receive and examine all claims of creditors against the estate of said deceased, and that the register make a list of all claims laid before said court, with the sum allowed on each claim, and certify the same. Six months are allowed creditors to present and prove their claims. All claims allowed to be adjusted by finding the net amount due May 26, 1897, the date of death of the deceased."

*M. F. Farrell*, for the defendant.

*F. G. Cook*, pro se.

LORING, J.   1. The objection that the administrator had an adequate remedy at law is not well taken. It was not a valid legal defence to the actions at law that Mrs. Richardson agreed to accept $200 in compromise of the claims there sued on, so long as she refused to accept the money; and the fact, if it is a fact, that the relief sought by this bill in equity could have been as effectually set up in those actions as an equitable defence, does not deprive this court of its jurisdiction to entertain the bill, to enjoin the prosecution of the actions at law, and to direct the defendant to deliver the formal discharge agreed upon. *New York, New Haven & Hartford Railroad* v. *Martin*, 158 Mass. 313, 315.

2. We are of opinion that the administrator had authority to make the compromise in question, which disposed of all the claims upon which the representation of apparent insolvency was based and which, in fact, made the estate solvent.

No provision is made in the statute for compounding and settling controversies where the estate of a deceased person has been represented to be apparently insolvent and a decree of the Probate Court has been made granting a commission, or, as in the case at bar, directing proof of claims to be made in the court itself. In this respect, the provisions of the statute are unlike the provisions in case of an insolvent debtor, see Pub. Sts. c. 157, § 57, and it may be for that reason that ordinarily no compromise can be made of a controversy, in case of the insolvency of the estate of a deceased person which involves the payment by the estate of a sum of money.

But it is expressly provided by Pub. Sts. c. 137, § 22, that if, when the list of allowed claims is complete, the assets prove sufficient to pay all such claims, the administrator shall pay them in full without any order of the Probate Court, and if any other debt is afterwards recovered against him he shall be liable therefor only to the extent of the assets then remaining. It appears by the representation of insolvency made in this case that the assets of the estate amounted to $4,889.90, after paying the funeral expenses, which amounted to $187.50. The claims against the estate were the charges of administration, estimated at $700, and the claim of the defendant, amounting to $14,895.36 and sundry claims to the amount of $34.01.

It appears from Pub. Sts. c. 137, § 22, that when the amounts prove sufficient to pay all debts it is the duty of the administrator to pay them without any order or direction from the Probate Court. By the compromise of the defendant's claim amounting to $14,895.36 by payment of $200 the estate was made abundantly solvent, and it thereby became the duty of the administrator to pay all claims in full, without further order or direction of the Probate Court. We are of opinion that the power of an administrator to make a compromise which renders the estate solvent is not taken away by a representation of apparent insolvency followed by a decree for a commission, or, as in this case, by an order for proof of claims to be made before

the court itself, and the right of the administrator to make the compromise apart from the representation of apparent insolvency is plain. *Thayer* v. *Kinsey*, 162 Mass. 232, 235. *Chadbourn* v. *Chadbourn*, 9 Allen, 173.

It follows that the plaintiff is entitled to a decree in accordance with the prayers of his bill.

<div align="right">

*So ordered.* ·