GENEVA B. VAUGHN *vs.* ANNIE ROBBINS & another.

Suffolk.　October 21, 1925. — November 24, 1925.

Present: RUGG, C.J., BRALEY, CROSBY, CARROLL, & SANDERSON, JJ.

*Judgment,* Satisfaction. *Payment. Contract,* Consideration. *Practice, Civil,* Parties, Interrogatories, Exceptions. *Evidence,* Competency, Relevancy.

An agreement by a judgment creditor to accept, in full satisfaction of an execution, a check of a partnership, of which the execution debtor was a member, in a sum less than the amount due on the execution is supported by a new and valuable consideration and, upon acceptance of such check by the judgment creditor, the judgment is discharged.

At the trial of an action by a judgment creditor upon a bond to dissolve an attachment, a determinative issue was, whether the acceptance of a check of a firm of which the judgment debtor was a member in accord and satisfaction was with the authority of the plaintiff, and evidence was offered and was admitted, subject to exception by the plaintiff, showing that the plaintiff's counsel, who had received the check, was the real plaintiff in interest. The judge charged the jury in substance that, if the plaintiff's counsel was the real party in interest, they might find an accord and satisfaction without proving assent thereto by the plaintiff. *Held,* that the evidence was properly admitted and that the instructions to the jury were correct.

At the trial of the action above described, exceptions to the exclusion of questions put to the judgment debtor in cross-examination as to whether certain answers by him to interrogatories filed by the plaintiff were true were overruled, as it appeared that there was no exclusion.

CONTRACT upon a bond to dissolve an attachment. Writ dated November 5, 1923.

In the Superior Court, the action was tried before *Hammond,* J. Material evidence and exceptions by the plaintiff are described in the opinion. The jury found for the plaintiff in the penal sum of the bond, $500, and assessed damages in the sum of one cent. The plaintiff alleged exceptions.

*N. Barnett,* for the plaintiff.

*M. Z. Kolodny,* for the defendants.

CROSBY, J. This is an action on a bond given by the defendant Fink, as principal, and the defendant Robbins, as surety, to dissolve an attachment, made in an action brought in the Superior Court by the plaintiff against the defendant Fink. The jury returned a verdict for the

plaintiff in the sum of $500, the penal sum of the bond, and assessed damages in the sum of one cent.

In the original action judgment was entered for the plaintiff on May 8, 1922, on a promissory note in the sum of $275, as damages, and $44.44 costs. Shortly after the rendition of the judgment the defendant Fink on three occasions made payments on account thereof amounting in all to $100. Thereafter, a check for $150, dated July 8, 1922, signed by "Fink & Balter, Trustees. By Archie F. Balter," and payable to Nathan Barnett, was delivered to the latter, who is the attorney for the plaintiff in this action. The check purports to be "In full payment Vaughn-Finkelstein Execution." There was evidence from which it could have been found that it was agreed by Barnett and Fink that the amount so paid was in full satisfaction of the balance due on the judgment.

The contention of the plaintiff that the agreement to take a sum less than the full amount of the balance due was without consideration and for that reason invalid is without merit. The receipt of the check of the firm of which the defendant Fink was a member, in full satisfaction of the execution, was a new and valuable consideration which, if the plaintiff agreed to accept the same, was a valid discharge of the unpaid balance. *Brooks* v. *White*, 2 Met. 283. *Barnett* v. *Rosen*, 235 Mass. 244. The presiding judge correctly instructed the jury that the agreement of the plaintiff's counsel to accept less than the full amount due was not binding upon her unless she authorized that settlement.

It is the contention of the defendants that the plaintiff is merely a nominal plaintiff, and that the real party in interest is Nathan Barnett, her counsel. She was a stenographer in his office, and testified that she did not remember what she gave for the note on which the original action was brought by her, that she got it from Mr. Barnett, and never received any part of the amount collected on the judgment. One Silk was previously the holder of the note. He testified that he delivered it to Mr. Barnett and never gave a note to the plaintiff. Upon the foregoing and other evidence the jury could have found that Mr. Barnett was the real owner.

If they so found, the settlement made was valid and binding without the assent of the plaintiff, and the judge in effect so instructed the jury.

The plaintiff made nineteen requests for rulings. These were refused save as they were embodied in the instructions. The requests need not be considered in detail. They were rightly denied, except so far as given. The charge adequately and correctly dealt with the issues presented. The exceptions to the exclusion of the questions put by the plaintiff to the defendant Fink as to whether certain of his answers to interrogatories filed by the plaintiff were true must be overruled, as it appears that the questions were answered and so the plaintiff was not harmed.

The witness Silk was asked if he gave Mr. Barnett a note. This question was admitted subject to the plaintiff's exception. His answer was in the affirmative. He further testified that he never gave a note to the plaintiff. The question was admissible to show that Barnett was the real party in interest. There was no error in the conduct of the trial.

*Exceptions overruled.*