[File No. 6423.]

BUSINESS SERVICE COLLECTION BUREAU, a Corporation, Appellant, v. CHRIST YEGEN, The State of North Dakota, Doing Business as the Bank of North Dakota, Federal Land Bank of St. Paul, Minnesota, a Corporation, Federal Farm Mortgage Corporation, a Corporation, and Scott Cameron, Respondents.

(269 N. W. 46.)

Opinion filed September 24, 1936.

*Charles L. Crum,* for appellant.

*P. H. Butler, Robert A. Birdzell, George F. Shafer,* and *Scott Cameron* for respondents.

Morris, J. Oscar H. Will & Company turned over to the plaintiff for collection a bill against the defendant, Christ Yegen, upon which the plaintiff brought suit and obtained a judgment against Yegen dated March 7, 1933, for the sum of $394.73. Judgment was taken in the name of the plaintiff, but according to an agreement with the creditor, that company was to receive approximately seventy-five per cent and the plaintiff twenty-five per cent of the amount collected. At the time the judgment was obtained Yegen had purchased a tract of land upon contract from the treasurer of the state of North Dakota as trustee. In December, 1933, Yegen made an application to the Federal Land Bank of St. Paul and the Land Bank Commissioner for a loan on this tract of land, the proceeds of which were to be used in paying the purchase price of the land and in settling judgments and other claims against him. Negotiations regarding the loan were carried on with the Federal Land Bank and with the creditors during 1934. The loan was finally approved in the sum of $18,500 to be secured by a first mortgage to the Federal Land Bank of St. Paul and a second mortgage to the Land Bank Commissioner. By this time there was due on the land contract $42,536.00 for which the State Treasurer, through his agent, the Bank of North Dakota, agreed to accept $13,821.81. There was also due on the land taxes amounting to $2,092.72. Judgment creditors and other creditors drastically scaled down their claims. Mr. Hedden, Secretary of the Bismarck National Farm Loan Association and Mr. Butler, counsel for the Bank of North Dakota were active in obtaining compromise agreements with the various creditors. Oscar H. Will & Company, the original creditor, in the claim involved in this suit, agreed to accept $90.00 in satisfaction of the judgment. The defendant, Cameron, one of the attorneys of record for the plaintiff in the suit in which the judgment was obtained, was asked to execute a satisfaction of the judg-

ment. This he hesitated to do in view of the fact that the settlement was in the nature of a compromise, but he finally executed the satisfaction upon the guarantee of counsel for the Bank of North Dakota to hold him harmless. The plaintiff refused to accept $90.00 in settlement of the judgment and in this action asks that the satisfaction be set aside and the judgment be decreed to be a first lien upon the real estate involved in the transaction and for damages in the sum of $500.00 for costs of suit. The plaintiff appeals from the judgment of the District Court denying relief and dismissing the action. The Federal Farm Mortgage Corporation is the successor in interest to the Land Bank Commissioner and is the owner of the second mortgage.

The first question is, did plaintiff's attorney of record have authority without the consent of the plaintiff to satisfy the judgment which had been taken in plaintiff's name and in which the plaintiff had an interest to the extent of approximately twenty-five per cent? Section 7701 of the Compiled Laws of 1913, gives to an attorney of record authority to satisfy judgments, but this statute presupposes that the attorney will receive payment for his client of the debt represented by the judgment. It does not authorize an attorney to compromise judgments or satisfy them for an amount less than is due thereon without the consent of the owner of the judgment. 15 R. C. L. 829; Freeman, Judgm. 5th ed. § 1113; Faughnan v. Elizabeth, 58 N. J. L. 309, 33 A. 212; Maxfield v. Carr, 8 Luzerne Leg. Reg. Rep. 214; Watt v. Brookover, 35 W. Va. 323, 13 S. E. 1007, 29 Am. St. Rep. 811; Vaughn v. Robbins, 254 Mass. 35, 149 N. E. 677, 41 A.L.R. 1488.

Since the plaintiff's attorney had no authority to satisfy the judgment under the facts here presented, the plaintiff is entitled to have the judgment reinstated. The plaintiff claims that the judgment should be reinstated as a first lien prior to the mortgages to the Federal Land Bank and the Land Bank Commissioner. During the time that plaintiff's judgment was of record, Christ Yegen owned an equitable interest in the land, but the legal title was in the Treasurer of the state of North Dakota. On the 9th day of January, 1935, the clerk of the district court of Ward county, in whose office the judgment was originally docketed, notified the clerk of the district court of Burleigh county that the judgment "has been cancelled and dis-

charged of record." The first and second mortgages are dated September 1, 1934, and were recorded September 29, 1934. In this state the mere docketing of a judgment does not make it a lien upon an equitable estate of the judgment debtor in real property. Cummings v. Duncan, 22 N. D. 534, 134 N. W. 712, Ann. Cas. 1914B, 976. A quitclaim deed dated August 27, 1934 from the State Treasurer to Christ Yegen was placed of record on January 9, 1935 which is the date on which the satisfaction of judgment was filed. Yegen then owed $42,536.00 as the purchase price for the premises and as taxes thereon the further sum of $2,092.72. It is, therefore, apparent that even if the plaintiff's judgment attached as a lien on the land on January 9, it was subject to over $44,600 in purchase price and taxes. Through the settlements negotiated in connection with the loan all incumbrances were reduced to $18,500.00, the amount of the two mortgages herein involved. If plaintiff's judgment is now reinstated, it becomes a lien upon the real property of Christ Yegen subject to $18,500.00 prior incumbrances instead of $44,600.00 in such incumbrances. In connection with this transaction some other judgments and claims against Christ Yegen were also compromised and settled. The record is not clear as to which of these judgments and claims, if any, were prior to the judgment of the plaintiff, but in any event, as a result of the entire transaction, plaintiff's position has been materially bettered with reference to its lien on the land and the incumbrances thereon that were ahead of the judgment have been reduced by over one half.

Plaintiff's judgment was not a lien against the land at the time the mortgages were executed and recorded. The quitclaim deed conveying title to Christ Yegen would not have been delivered if the Federal Land Bank and the Land Bank Commissioner had not furnished the money with which to pay the purchase price and the taxes, and make the settlements with other creditors. The lien which the plaintiff now has is a result not merely of his judgment against Yegen, but also of the transaction based upon the money furnished under the two mortgages. It would, therefore, appear that the position of the plaintiff as a creditor of Christ Yegen has been greatly improved by the transaction herein involved. It would not only be inequitable, but unconscionable to place plaintiff's judgment lien as prior to the mortgages,

the proceeds of which made it possible for the judgment to become a lien.

The plaintiff asks for damages. Its judgment is reinstated and occupies a better position with reference to the security than it occupied at the beginning of the transaction herein involved, and although the plaintiff prevails in this action to the extent of having its judgment reinstated, it is not entitled to damages, but only to statutory costs, against Christ Yegen. The judgment appealed from is reversed and the case is remanded for proceedings in accordance with this opinion.

Burke, Ch. J., and Christianson, Burr and Nuessle, JJ., concur.