JOHAN E. WALLIN, administrator, *vs.* SAMUEL SMOLENSKY, administrator, & another.

Plymouth.　December 5, 1938. — April 13, 1939.

Present: FIELD, C.J., LUMMUS, QUA, DOLAN, & RONAN, JJ.

*Contract*, Consideration, Validity. *Accord and Satisfaction. Executor and Administrator*, Duty of fidelity, Claim by or against estate. *Probate Court*, Decree.

After a husband, administrator of his wife's estate, had received a discharge of a mortgage securing his personal obligation to a second estate, given him under an agreement to compromise and discharge a claim of the wife's estate against the second estate, he was not entitled to enforce a judgment for the claim thus compromised which he had procured against the second estate during the pendency of the negotiations, the compromise being for a good consideration, within his powers as administrator, and not shown to have been a fraud or breach of trust on his part.

Indorsement of a probate petition, "Denied and dismissed after hearing," with the name of the judge in brackets and the date, was treated by this court, though informal, as an adequate final decree.

PETITION, filed in the Probate Court for the county of Plymouth on January 4, 1938.

The case was heard by *Poland*, J.

*H. E. Carlson*, for the petitioner.

*H. B. White*, for the respondent Maryland Casualty Company.

*J. E. Handrahan*, for the respondent administrator.

QUA, J. This is a petition in equity in the Probate Court under G. L. (Ter. Ed.) c. 205, § 7A, to enforce the alleged obligation of the respondent Smolensky and of the surety on his bond as administrator of the estate of Sophie Winberg to pay a judgment for $3,024.76 recovered in a district court in an action by the petitioner as administrator of the estate of Sophie Wallin, his deceased wife, for services claimed by him to have been rendered by his intestate to Winberg before the latter's death. See *Harmon* v. *Sweet*, 221 Mass. 587.

These facts appear from findings of the judge: The

Winberg estate held a mortgage on real estate of Johan E. Wallin, the petitioner, on which there was due a balance of about $1,200. Wallin as administrator of his wife's estate drew up a claim for the services for about $2,700, and in substance offered to take a discharge of the mortgage on his own property in full payment of this claim of his wife's estate against the Winberg estate. After negotiations in which Wallin was represented by a duly authorized attorney the parties agreed to a compromise or settlement on that basis, and on May 4, 1937, in accordance with this agreement, Smolensky as administrator of the Winberg estate filed in the Probate Court a petition for authority to compromise the Wallin claim on those terms. G. L. (Ter. Ed.) c. 204, § 13. This petition was "allowed" on August 23. But in the meantime, before the short statute of limitations should run against him, Wallin as administrator of his wife's estate brought the action at law against Smolensky as administrator of Winberg's estate. Smolensky did not appear in that action, believing his appearance unnecessary because the compromise was being perfected by the probate proceedings. Judgment by default was entered against him on May 28, 1937. Notwithstanding the judgment, on September 21, 1937, the compromise was completed by Smolensky delivering to Wallin's attorney a discharge of the mortgage, which the latter recorded.

Although he has had the benefit of the discharge of the mortgage on his own property, the petitioner as administrator of his wife's estate now seeks to collect the full amount of the judgment. He contends that the judgment liquidated the claim for services, and that a liquidated claim cannot be settled by the payment of less than the amount due without additional consideration or an instrument under seal, citing *Harriman* v. *Harriman*, 12 Gray, 341, *Specialty Glass Co.* v. *Daley*, 172 Mass. 460, *Moss* v. *Goldstein*, 254 Mass. 334, and similar cases. The first question is whether Wallin as administrator of his wife's estate agreed upon good consideration to accept the discharge of the mortgage on his own property in full satisfaction of the judgment.

Wallin's acceptance of the discharge, through his attorney, after Wallin had obtained the judgment but in accordance with his previous agreement, was an affirmance and a carrying out by satisfaction of the accord which the parties had reached before the judgment. And there was consideration to support that accord. The judgment in favor of Sophie Wallin's estate imposed upon Smolensky as administrator of the Winberg estate no obligation to discharge the mortgage given by Johan Wallin upon his own property. The giving of that discharge was a new thing different from and beyond that which Smolensky was already bound to do and was therefore good and valid consideration for the release of the judgment. The case is well within the principle of many decisions. *Brooks* v. *White,* 2 Met. 283. *Guild* v. *Butler,* 127 Mass. 386, 390. *Gilson* v. *Nesson,* 198 Mass. 598. *Smith* v. *Johnson,* 224 Mass. 50. *Lait* v. *Sears,* 226 Mass. 119, 125. *Barnett* v. *Rosen,* 235 Mass. 244, 248. *Vaughn* v. *Robbins,* 254 Mass. 35. *Chamberlain* v. *Barrows,* 282 Mass. 295.

The petitioner's further contention that the accord and satisfaction were not binding upon him as administrator because he had no right to release the judgment held by his wife's estate in exchange for the discharge of a mortgage on his own property requires little discussion. At common law he had as administrator authority to compromise claims of the estate, subject of course to his duty to account at the proper time to the beneficiaries for any unfaithful administration. *Chadbourn* v. *Chadbourn,* 9 Allen, 173. *Blake* v. *Ward,* 137 Mass. 94. *Thayer* v. *Kinsey,* 162 Mass. 232, 235. *Cook* v. *Richardson,* 178 Mass. 125, 129. *Malden Trust Co.* v. *Brooks,* 291 Mass. 273, 290. And if we assume that the circumstances would charge Smolensky with notice of fraud, if there was fraud, on Wallin's part, yet it is not established that in fact Wallin was guilty of the fraud or breach of trust of which, in order to avoid the settlement that he made, he now seems, at least by implication, to accuse himself. The procuring of the discharge of mortgage in settlement of the judgment was not necessarily a fraud or a breach of trust. Wallin may have been

the only person interested in his wife's estate. All those interested may have assented. Wallin may have paid to the estate a sum equivalent to the amount due on the discharged mortgage. For other reasons the transaction may have been perfectly proper. The burden of proof was upon the petitioner. *McCarron* v. *New York Central Railroad*, 239 Mass. 64, 69, 70. *Jones* v. *Jones*, 297 Mass. 198, 207. We need not consider any further difficulties in the way of this contention.

Questions of the admissibility of evidence which are said in the petitioner's brief to have arisen at the hearing are not before us, as the proceedings at the hearing are not reported. G. L. (Ter. Ed.) c. 215, § 12; c. 214, §§ 24, 25. *Mackintosh, petitioner*, 246 Mass. 482, 483.

The entry "Denied and dismissed. after hearing," with the name of the judge in brackets and the date, apparently written on the petition itself, seems to have been intended as a final decree, and although informal, it is adequate as such. *Churchill* v. *Churchill*, 239 Mass. 443. *Donovan* v. *Danielson*, 263 Mass. 419, and cases cited.

*Decree affirmed.*