AMBROSE J. KINION & another, trustees *vs.* HATTIE M. RILEY & others.

Bristol. October 28, 1941. — November 25, 1941.

Present: FIELD, C.J., DONAHUE, QUA, DOLAN, & RONAN, JJ.

*Trust*, Compromise of claim, Accounting by trustee, Compensation of trustee. *Probate Court*, Decree; Auditor: findings. *Res Judicata*.

In the circumstances, a finding was proper that a trustee, succeeding a trustee who was indebted to the trust estate and who had made an assignment for the benefit of his creditors, in making a settlement in which he received from the assignee a business which had been included in the assignment, justifiably paid the assignee for his services as such.

A finding, that a payment by a trustee for services rendered by a third person to a predecessor trustee was proper, was justified upon the report of an auditor which was the only evidence.

A dismissal without prejudice of a petition in a Probate Court for allowance for services rendered to a former trustee did not as a matter of law render unlawful a payment for such services by the succeeding trustee.

Sums fixed in findings by a judge of probate, based on the report of an auditor, as amounts to be paid a trustee under a will as compensation for his services, were just and reasonable.

A judge of probate, in determining whether alleged payments to a trustee for his services were in a proper amount, was justified in treating as such payments certain sums found to have been paid "in escrow" to the trustee's attorney for his benefit.

PETITION, filed in the Probate Court for the county of Bristol, for the allowance of a first account of trustees.

From a decree entered after a hearing by *Hitch*, J., the respondents appealed.

*A. S. Allen & O. S. Allen*, for the respondents, submitted a brief.

No argument nor brief for the petitioners.

RONAN, J. This is an appeal from a final decree of the Probate Court of Bristol County, allowing the first account of trustees under the will of Elmer I. Riley for the benefit of Eugene C. Riley. The case was heard upon the report

of an auditor and upon the oral testimony of an attorney
in reference to two items which do not now seem to be in
dispute. The judge adopted the facts found by the auditor
except as to two items, and in accordance with the request
of the appellants made a report of his material findings of
fact.

The appellants object to the payment of $1,300 to Burden
and Estes, to the payment of $275 to Moulton, to the pay-
ments in escrow for the compensation of the trustees, and
to the amount of their compensation.

Harold H. Riley was the trustee under his father's will
from February 9, 1921, until November 21, 1934, when he
resigned after a petition for his removal as trustee had been
filed in the Probate Court. The present trustees were ap-
pointed on January 10, 1936. The inference was war-
ranted that Riley had not acted faithfully as trustee and
that he became thereby indebted to the trust estate. In
1932 Riley made to Burden and Estes an assignment for
the benefit of his creditors, of his coal business, which was
conducted by the assignees until it was turned over by
them to the trustees with all the accounts receivable, for
which the trustees agreed to pay them out of the collec-
tions from the accounts receivable, $2,000, alleged to be
due for their services as assignees. A balance of $1,300,
due the assignees in accordance with this agreement, has
been paid by the trustees. The arrangement between the
trustees and the assignees was a part of a compromise set-
tlement with Riley by which the trustees were endeavoring
to salvage something from Riley's assets in partial satisfac-
tion of his indebtedness to the trust estate. The auditor
found that the payment of $1,300 to Burden and Estes was
a just and proper amount for the trustees to pay to them.
The appellants contend that there is no finding that as
much as $2,000 was collected from the accounts receivable,
and that the trustees have failed to show that their agree-
ment to pay Burden and Estes was an obligation that they
had any authority to incur in behalf of the trust estate.
In the first place, the finding that the payment was proper
implies a further finding that the $2,000 did in fact come

from the accounts receivable, and, in the next place, Schedule C of the account shows that a sum greater than this amount was collected from these accounts receivable. As to the second contention, it is settled that a trustee may under appropriate circumstances compromise obligations due from or to his estate. *Chadbourn* v. *Chadbourn*, 9 Allen, 173. *Thayer* v. *Kinsey*, 162 Mass. 232. *Cook* v. *Richardson*, 178 Mass. 125. 2 Scott on Trusts, § 192. See G. L. (Ter. Ed.) c. 204, § 13. There is no claim of bad faith or that the compromise was not made in the exercise of sound judgment and discretion. The record does not disclose any facts upon which it could be ruled that the trustees had not sustained the burden of showing that they were justified in entering into this arrangement with the assignees of Riley. *Ashley* v. *Winkley*, 209 Mass. 509, 526. *McCarron* v. *New York Central Railroad*, 239 Mass. 64, 69. *Jones* v. *Jones*, 297 Mass. 198, 207. *Wallin* v. *Smolensky*, 303 Mass. 39, 41.

There was no finding of any subsidiary facts as to the disbursement of $275 to Moulton other than the finding of the auditor that that was a proper payment for the trustees to make. The record, however, contained a copy of a petition in which Moulton alleged that he had performed services for Riley as trustee, and that in the settlement between the present trustees and Riley it was agreed that they would pay the amount due for these services. The record shows that the Probate Court dismissed that petition without prejudice. That was not an adjudication that would bar the trustees from an allowance for the payment that they made to Moulton. *Field* v. *Field*, 264 Mass. 549. *Mezoff* v. *United Kosher Butchers Association, Inc.* 274 Mass. 174. *Buttrick* v. *Snow*, 277 Mass. 401, 406. *Scullin* v. *Cities Service Oil Co.* 304 Mass. 75, 85. While it is undoubtedly true, as the appellants point out, that a succeeding trustee is without authority to bind the estate for the payment of services rendered in the preparation of the accounts of his predecessor, *Rothwell* v. *Rothwell*, 283 Mass. 563, 575, the assumption of this obligation might be found to have been a part of the compromise agreement made

when the trustees took over the coal business. We do not know what the testimony was before the auditor in reference to Moulton's claim, and if the appellants desired to test the correctness of his finding that it was a proper claim for the trustees to pay, they should have filed a motion to have the report recommitted. *Murphy* v. *Nelson*, 306 Mass. 49.

One trustee sought the allowance of $3,900 for compensation for his services, and the other, $2,900. The judge reduced these amounts to $3,300 and $2,500. In asserting that these amounts are excessive, the appellants contend that the trustees should not have carried on the coal business from the time of their appointment in January, 1936, until they leased it in 1938. They sold this business at public auction in the summer of 1939. The auditor found that the trustees believed that more could be realized if the business, which had been conducted for many years, could be sold as a going concern. They were found to have conducted the business with the acquiescence of all parties in interest until the second year, when some of these parties began to voice opposition to one of the trustees. They did not complain to the other trustee until December, 1937, and the trustees then sought the advice of the Probate Court and the business was leased. The trustees had made efforts to sell it as a going business but they never received any offers. The auditor found that the trustees acted with an honest and earnest endeavor to take what seemed to them to be the most practical course. The amount of income and expenses from the coal business and the amount received from its sale were found by the auditor. Other services rendered by the trustees are detailed in the auditor's report. They need not be recited. It does not appear that the trustees did not exercise sound judgment and reasonable skill and discretion in the discharge of their duties. They are not to be held for honest errors of judgment. *Taft* v. *Smith*, 186 Mass. 31. *Malden Trust Co.* v. *Brooks*, 291 Mass. 273. *Boston Safe Deposit & Trust Co.* v. *Hayward*, 305 Mass. 536. 2 Scott, Trusts, § 227.6. The fact that the trustees did not file their account sooner than they did

does not deprive them of compensation, but if any damage thereby resulted to the trust estate, that could be considered in determining the amount they should be allowed. *Rowland* v. *Maddock*, 183 Mass. 360. *Moulton* v. *Thompson*, 291 Mass. 308. *Milbank* v. *J. C. Littlefield, Inc.*, ante, 55. They were entitled to fair and reasonable compensation. The elements that must be considered in determining the amount to which they were entitled have been frequently stated by this court and, in accordance with the principles enunciated by these decisions, when applied to the findings of the auditor and of the judge, demonstrate that the amounts fixed in the final decree were fair and reasonable. *O'Riorden, petitioner*, 244 Mass. 472. *Creed* v. *McAleer*, 275 Mass. 353. *King* v. *Grace*, 293 Mass. 244. *Lewis* v. *National Shawmut Bank of Boston*, 303 Mass. 187. *Bearse* v. *Styler*, 309 Mass. 288.

Finally, the appellants contend that the trustees did not make any payments to themselves and, consequently, the judge was in error in allowing the amounts that he did for compensation. The auditor found that the amount of each of the two items set forth in the account as compensation paid to them was not in fact paid to them but was "paid to" and was being "held by" their attorney "in escrow" for their benefit. The judge reduced the amounts claimed and allowed the items in the reduced amounts. The fact that the sums claimed by the accountants for their services were paid by them "in escrow" is immaterial. Compare *Grigaliunos* v. *Frost*, 270 Mass. 455. In any event, the accountants had parted with actual possession of those assets of the trust and were chargeable therewith subject to the allowance by the judge under G. L. (Ter. Ed.) c. 206, § 16, of the whole or any part, as he deemed proper and reasonable for their services. The judge could consider the amounts as paid, and pass upon the compensation of the trustees. The appellants were not harmed by this action of the judge.

*Decree affirmed.*