*Municipal Court of the City of Boston*
No. 351575
## ABRAHAM YORKS ET AL.

v.

## PHILIP N. HARRIS

(February 9, 1953)

*Adlow,* J. In this action of contract the plaintiff seeks to recover a balance of $125.00 due under a written contract and the further sum of $125.00 for extra work performed at an agreed price at the request of the defendant.

There was evidence that under an agreement dated May 12, 1952, the plaintiff agreed to furnish and install certain specified plumbing and heating fixtures for a price of $2,900.00 at a house then under construction in Belmont. There was further evidence that while the work was in progress the defendant requested a change in the heating installation and agreed to pay $100.00 for extra work. There was also evidence that the defendant requested the plaintiff to install a garbage disposal unit and agreed to pay to the plaintiff $25.00 for said installation. There was paid on account of this contract during the progress of the work the sum of $2,500.00.

On August 21, 1952, and after all the work was performed, the defendant's lawyer, Jacob Friedberg, sent a letter to the plaintiff in which he enclosed a check in the amount of $275.00. This check was the personal check of Jacob Friedberg and on the back of it was written, "In full payment for all heating and plumbing installed for Philip Harris at Goldberg property at Watson Road, Belmont."

In the letter which accompanied this check a claim was made that the contractor (plaintiff) had

failed to provide a garbage disposal unit as he had agreed, and that he was deducting $125.00 from the balance due under the contract and sending him the sum of $275.00. In express words the letter stated: "The sum of $275.00, of course, represents the balance of the contract minus this sum of $125.00."

On August 25, 1952 the plaintiff wrote directly to the defendant in which he demanded the balance due for the work after crediting the $275.00 which he had received from the defendant's attorney. The following passage from this letter is pertinent to the issue involved in this report:

"In answer to your attorney's letter, please be advised that our contract does not provide for a disposal unit, that at no time did I agree to give you an allowance therefor, and that I am herewith accepting your check only in part payment and am now making demand for the entire balance due of $250.00."

From the reported evidence it is apparent that the defendant relies entirely upon the acceptance by the plaintiff of the check of Jacob Friedberg as a discharge of his obligation to the plaintiff. Whether the acceptance of the check for $275.00 upon which was noted "in full payment . . ." can serve to discharge the defendant from further liability depends in the first instance on the role of Jacob Friedberg in this transaction. If Friedberg's part in this transaction was that of an outsider, a third person, so to speak, then the law will attach certain consequences to his acts. If, on the other hand, they were in furtherance of his role as the defendant's attorney the legal consequences will be altogether different.

In this Commonwealth a payment or other performance by a third person which is offered to a creditor as payment in full will discharge the debtor's obligation in accordance with the terms on which the third person offered it.

*Vaughn* v. *Robbins,* 254 Mass. 35

*Chamberlain* v. *Barrows,* 282 Mass. 295, 298

It is noteworthy that at no time in the entire proceedings does it appear that the role of Jacob Friedberg was anything other than that of attorney for the defendant. The plaintiff dealt with him as such. In fact when the plaintiff received the check for $275.00 from Friedberg he did not communicate his disagreement with its terms to Friedberg but to the defendant. In ignoring Friedberg the plaintiff made it evident that he considered him as nothing more than the defendant's agent. As such, a payment by Friedberg would have the same legal consequences as a payment made by the defendant himself.

*Specialty Glass Co.* v. *Daley,* 172 Mass. 460, 461

Let us now examine into the legal implications of payment by a similar check if made by the defendant himself. In this Commonwealth a check which pays only that part of a claim which is admitted to be due will not constitute a valid consideration for the discharge of a balance about which there might be a dispute.

*Whittaker Chain Tread Co.* v. *Standard Auto Supply Co.,* 216 Mass. 204, 208

In the letter received by the plaintiff at the time of the delivery of the check the defendant stated: "The sum of $275.00, of course, represents the balance of the contract minus this sum of $125.00." Clearly the check purported to pay only what the defendant conceded to be due. Such a payment will hardly suffice to cancel an obligation admittedly due and at the same time provide a consideration for a discharge of a disputed balance.

While the rulings under review in this report are obscured by the qualifications noted by the court, the finding of fact to the effect that the

plaintiff performed all the work called for by his agreement with the defendant establishes clearly the existence of a debt in the amount of $525.00. If the defendant seeks to prove in avoidance of this debt an accord and satisfaction on the basis of the retention by the plaintiff of the $275.00 check sent him by Jacob Friedberg, the burden is on the defendant to prove such discharge.

> *Rosenblatt* v. *Holstein Rubber Co.*, 281 Mass. 297, 300

To prove that the debt had been discharged by such an accord and satisfaction it was essential that the defendant establish that the check for $275.00, to the acceptance of which certain conditions were attached, was sent to the plaintiff by a third person and not by the defendant or by someone acting as his attorney or agent. There is nothing in the report to indicate that Jacob Friedberg ever acted in any other capacity than as the defendant's agent. We see nothing to distinguish this case from that in *Specialty Glass Co.* v. *Daley, supra.*

Report dismissed.

Maurice B. Holsberg, for the Plaintiff.

J. Friedberg, for the Defendant.